# Exhibit F



James R. Bedell
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Direct Dial: 216.363.6244
jbedell@beneschlaw.com

April 13, 2023

**VIA EMAIL**

Chris I. Kachouroff
McSweeney Cynkar & Kachouroff, PLLC
13649 Office Place, Ste 101
Woodbridge, VA 22192
chris@mck-lawyers.com

Re: *Smartmatic, et al. v. Lindell, et al.*, Case No. 22-cv-00098 (D. Minn.) – Subpoena to Dennis Montgomery

Dear Chris:

I write in response to your March 27, 2023 email, in which you provided a preliminary response to Smartmatic's Subpoena to your client, Dennis Montgomery. For six of the document requests, Mr. Montgomery claims that the State Secrets Privilege and an undefined nondisclosure agreement bar his production of responsive documents. For several other requests, Mr. Montgomery claims that no responsive documents exist. Smartmatic responds to these positions and others below.

### Mr. Montgomery's Claimed Privileges

As an initial matter, Mr. Montgomery has failed to establish that any privilege he claims—the State Secrets Privilege or otherwise—actually bars his production of any documents responsive to Smartmatic's subpoena. Thus, his privilege claims and corresponding refusal to produce responsive documents are not well taken.

*First*, as the party opposing production, Mr. Montgomery must establish the grounds for any privileges he asserts. *See, e.g., Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 295 F.R.D. 517, 521 (N.D. Fla. 2013). Yet, Mr. Montgomery makes no attempt to explain why any responsive information he possesses is barred from disclosure. For example, in response to Smartmatic's request for documents related to the 2020 Presidential Election, including Mr. Montgomery's correspondence with Mr. Lindell regarding the same, Mr. Montgomery merely responds "SSP / NDA." Mr. Montgomery makes no attempt to substantiate his privilege claim, let alone explain how any responsive communications with Mr. Lindell could possibly be privileged under the State Secrets Privilege or any other privilege. For that reason, alone, Mr. Montgomery's privilege claims are meritless. *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1287 (S.D. Fla. 2012) (noting that the burden to prove a privilege claim "is not, of course, discharged by mere conclusory or *ipse dixit* assertions . . . [t]he party claiming the privilege must provide the court with underlying facts demonstrating the existence of the privilege").

Chris I. Kachouroff
April 13, 2023
Page 2

*Second*, as Mr. Montgomery is well-aware, the State Secrets Privilege "can neither be claimed nor waived by a private party." *Montgomery v. Risen*, 197 F. Supp. 3d 219, 244 (D.D.C. 2016). As such, he has no authority to withhold documents by claiming the State Secrets Privilege. Nor has Mr. Montgomery cited any authority that permits him to delay his production in response to a subpoena served on February 14, 2023 in the *hope* that the government will intervene and claim the State Secrets Privilege. Mr. Montgomery was served with a federal subpoena, and he is required by law to produce responsive documents.

*Third*, courts have rejected similar improper attempts by Mr. Montgomery to claim the State Secrets Privilege. Indeed, in *Risen*, the court rejected Mr. Montgomery's claim that the State Secrets Privilege barred disclosure of information related to his previous work with the federal government. *Id.* ("For one thing, orders issued in a Nevada case between Montgomery and eTreppid specifically noted that the government had *not* deemed [Montgomery's] software classified or subject to the state secrets privilege in that proceeding."). The court further noted that even the protective order in that Nevada case "explicitly *did not preclude* the parties 'from serving or taking any discovery from other parties or third parties'" on the software serving as the basis of Mr. Montgomery's work with the federal government. *Id.*

*Fourth*, even if Montgomery could shield his production under the State Secrets Privilege or the unidentified nondisclosure agreement you cite, he would not be able to broadly withhold all responsive documents and would only be able to withhold the subset of documents that are actually privileged. *See Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 671 (N.D. Fla. 2010) (valid grounds for refusing to produce certain documents does not excuse production of other documents). It cannot be disputed that Mr. Montgomery worked with Mr. Lindell on the latter's efforts to publicize falsities about the 2020 U.S. Presidential election. It further cannot be disputed that anything involving Mr. Lindell is not afforded any level of protection by the State Secrets Privilege or any nondisclosure agreements between Mr. Montgomery and the federal government. Documents involving Mr. Lindell or MyPillow, Inc., for example, could be responsive to all six of the requests to which Mr. Montgomery has refused to produce any responsive documents under the guise of the State Secrets Privilege or a nondisclosure agreement. Mr. Montgomery's wholesale refusal to produce anything responsive to Request Nos. 1, 2, 3, 9, 13, and 14 is improper.

For example, in an email dated January 24, 2021, Mr. Montgomery stated to Mr. Lindell, "this will not change our relationship or the work I am doing for us **regarding election fraud**." DEF018510, attached as Exhibit A. This document is responsive to each of the six requests to which Mr. Montgomery made a "SSP/NDA" objection, and it is obvious on its face neither objection applies. Even if Mr. Montgomery's "SSP/NDA" claim was generally proper (it is not), it would not apply and he would be required to produce DEF018510.

### False Claims of No Responsive Documents

For ten of the requests, Mr. Montgomery answered that he possesses no responsive documents. But Mr. Montgomery's position is implausible and contradicted by documents obtained by Smartmatic in discovery. For example, the record already shows that Mr. Montgomery communicated with Mr. Lindell and Mary Fanning regarding election fraud. Exhibit A; ML-000966, attached as Exhibit B. Communications with either of those individuals are

Chris I. Kachouroff
April 13, 2023
Page 3

responsive to the Subpoena. (*See* Requests 5 and 8.) Montgomery's claim that he has no responsive documents in his possession, custody, or control, therefore lacks any credibility.

\* \* \*

As discussed above, Mr. Montgomery's response to Smartmatic's Subpoena is patently inadequate and Smartmatic is prepared to bring an enforcement proceeding if necessary. Smartmatic is nevertheless hopeful that Mr. Montgomery will remedy the deficiencies in his response without forcing Smartmatic to obtain a court order. To that end, please provide your availability to meet and confer next week.

Sincerely,

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

/s/ *James R. Bedell*

James R. Bedell

JRB