# Exhibit M

## McSweeney Cynkar & Kachouroff, PLLC
### TRIAL & APPELLATE LAWYERS

Patrick M. McSweeney
(804) 937-0895
patrick@mck-lawyers.com

Chris Kachouroff
(703) 365-9900
chris@mck-lawyers.com

Powhatan Office
3358 John Tree Hill Road
Powhatan, Virginia 23139

Woodbridge Office
13649 Office Place, Ste 101
Woodbridge, Virginia 22192

March 27, 2023

*By U.S. Mail and electronic delivery*

The Honorable Merrick B. Garland
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Dear Attorney General Garland:

  RE: Subpoena compliance in *Smartmatic et al., v. Lindell et al.*, 0:22-cv-00098 (WMW)

  This firm represents Dennis Montgomery. We write to notify you that Mr. Montgomery has received a federal subpoena requesting information that may be subject to the State Secret Privilege, the two protective orders entered in 2006 or 2007,[1] or otherwise covered by Federal Non-Disclosure Agreements.

  The style of the case in which the subpoena was sent is in the U.S. District Court of Minnesota under *Smartmatic et al., v. Lindell et al.*, 0:22-cv-00098 (WMW). This subpoena seeks production of a substantial number of records and potential deposition testimony. Mr. Montgomery is concerned that the materials sought may be subject to the U.S. Government's objections to disclosure and/or assertions of the State Secret Privilege.

  Will you let us know whether you need additional information, whether you will consent to Mr. Montgomery disclosing records and giving testimony without government intervention, or whether there is another department or agency we should be addressing? A copy of the subpoena is included with this correspondence.

---

[1] See Dkt. Nos. 252, 253 in *Entreppid Technologies, LLC et al. v. Dennis Montgomery et al.*, No. 3:06-CV-00145 (PMP) (VPC) (closed) *and Dennis Montgomery et al. v. Entreppid Technologies, LLC et aa.*, No. 3:06-CV-00056 (PMP) (VPC) (closed).

Letter to Attorney General Garland - Page 2 of 2.

---

If you have any other questions, do not hesitate to contact me at chris@mck-lawyers.com or patrick@mck-lawyers.com. We look forward to your response.

Very truly yours,

Christopher L. Kachouroff, Esq.

Encl.: Smartmatics Subpoena

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Minnesota

| Smartmatic USA Corp., et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 22-cv-0098-WMW-JFD |
| Michael J. Lindell and My Pillow, Inc. | ) | |
| *Defendant* | ) | |

INITIALS OF SERVER: [signature]
DATE OF SERVICE: [handwritten]
TIME OF SERVICE: [handwritten]
I.D. # IF APPLICABLE: [handwritten]

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Dennis Montgomery; 9107 Snowy Owl Way, Naples, FL 34120

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: 2 S Biscayne Boulevard, Suite 2250 Miami, FL 33131 Or via email at mbloom@beneschlaw.com | Date and Time: 04/11/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/10/2023

*CLERK OF COURT*

OR

_____          /s/ Michael E. Bloom
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiffs** Smartmatic USA Corp., et al._____, who issues or requests this subpoena, are:
Michael E. Bloom; (312) 212-4946, mbloom@beneschlaw.com, 71 S. Wacker Drive, Suite 1600, Chicago IL 60606

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-cv-0098-WMW-JFD

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

Notwithstanding any definitions set forth below, each word or term used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. Unless the context indicates otherwise, the following words and phrases shall be defined and used in the following Document Requests as follows:

1. "2020 PRESIDENTIAL ELECTION" shall mean the U.S. Presidential Election that occurred on November 3, 2020, and all voting by any means (including in-person or mail-in voting) for that election.

2. "ACCUSED PROGRAMS" shall mean the Internet programs, radio programs, television programs, and documentaries identified in paragraphs 81–108, 110–116, and 117–126 of the COMPLAINT, including, but not limited to, the programs entitled *Absolute Proof*, *Scientific Proof*, *Absolute Interference*, and *Absolutely 9-0* and the Cyber Symposium broadcasted on LindellTV.com and Frankspeech.com.

3. "ACTION" shall mean the above-captioned lawsuit presently pending in the United States District Court for the District of Minnesota, Case No. 22-cv-0098-WMW-JFD.

4. "And" and "or" shall mean "and/or" and shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Request any answer which would otherwise not be brought within its scope.

5. "Any" and "all" shall mean "any and all."

6. "Communications" shall mean the recording, conveyance, exchange, or transmittal of information (in the form of facts, ideas, inquiries or otherwise) of any kind by or with any person or entity for any purpose by any written, verbal, or electronic means or method, including, without

1

limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, cell phone text messages (SMS messages and MMS messages), voicemail messages, internal messaging system communications, social media communications or posting on sites including but not limited to Facebook, Twitter, Instagram, Rumble, Reddit, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. For avoidance of doubt, the term "Communications" includes internal communications and communications with third parties.

7. "COMPLAINT" shall mean the complaint filed by Smartmatic in this ACTION, and any amended complaint filed subsequently in this ACTION.

8. "DEFAMATORY BROADCASTS" shall mean any broadcast and the complete program in which any of the DEFAMATORY STATEMENTS appeared, including without limitation, the broadcasts and rebroadcasts identified in the COMPLAINT.

9. "DEFAMATORY STATEMENT(S)" shall mean all statements the COMPLAINT alleges are defamatory, including without limitation the statements identified in Paragraphs 76–78, 80–108, 110–113, 114–115, 117–127, 130–133, 137, 143, 150, 158, 165, 170, and 176 of the COMPLAINT.

10. "Documents" shall mean documents in its broadest sense and shall mean and include all written, printed, typed, recorded, or graphic data or matter of every kind and description, both originals and copies, and all attachments and appendices thereto. The terms "Document" and "Documents" shall include, without limitation, all agreements, contracts, correspondence, letters, telegrams, telexes, messages, e-mail, memoranda, records, reports, books, summaries or other

records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, diaries, diary entries, calendars, appointment books, visitor records, time records, instructions, work assignments, forecasts, statistical data, statistical statements, worksheets, work papers, drafts, graphs, maps, charts, tables, analytical records, consultants' reports, appraisals, notes, marginal notations, notebooks, statements, lists, recommendations, files, printouts, compilations, tabulations, confirmations, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, microfilm, microfiche, articles, speeches, tape or disk recordings, sound recordings, video recordings, film, tape, photographs, data compilations from which information can be obtained (including but not limited to matter used in data processing), and any other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated or made.

11. "DOMINION" shall mean US Dominion, Inc., and its subsidiaries Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, as well as any officers, directors, employees, or agents acting on behalf of these entities, and all others who have purported to act on their behalf or obtained information on their behalf.

12. "DONALD TRUMP" means and refers to the 45th President of the United States.

13. "Electronically Stored Information" or "ESI" shall mean all electronically stored information in its broadest sense and shall mean and include, but is not limited to: (a) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata; (b) internal or external web sites; (c) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets,

3

database files, charts, graphs and outlines, electronic mail, instant messages, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; (d) activity listings of electronic mail receipts and/or transmittals; and (e) any and all items stored on computer memories, hard disks, floppy disks, CD-ROM or other discs, flash or jump drives, online cloud storage, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, hand-held wireless device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

14. "GUESTS" shall mean any person interviewed or relied upon in making the DEFAMATORY STATEMENTS or in the ACCUSED PROGRAMS including, but not limited to, Mary Fanning, Phil Waldron, Matthew DePerno, Russell Ramsland, Dr. Shiva Ayyudurai, Patrick Colbeck, Michael Flynn, Dr. Frank Douglas, Steve Bannon, and Joseph Oltmann.

15. "Including" shall mean "including, but not limited to."

16. "LINDELL" shall mean Defendant Michael J. Lindell.

17. "LINDELL APPEARANCES" shall mean the in-person appearances made by LINDELL, including without limitation, the appearances identified in paragraphs 76, 77, 78, 82, and 117–126 of the COMPLAINT.

18. "LINDELL EMPLOYEES" shall mean any person who is currently or was previously employed by, contracted by, a director of, an officer of, or an agent of LINDELL or who works in any capacity for LINDELL, regardless of whether that person is paid by or has a contract with LINDELL or any of his affiliated or related entities.

4

19. "LINDELL WEBSITES" shall mean LindellTV.com, FrankSpeech.com, and MichaelJLindell.com.

20. "MY PILLOW" shall mean Defendant My Pillow Inc. and its past or present subsidiaries, affiliates, attorneys, agents, representatives, officers, directors, employees, or other persons acting on its behalf, including any regional affiliates or contributors, whether paid or unpaid, and including all radio and television appearances made by persons acting as spokespersons for MY PILLOW.

21. "MY PILLOW EMPLOYEES" shall mean any person who is currently or was previously employed by, contracted by, a director of, an officer of, or an agent of MY PILLOW or who works in any capacity for MY PILLOW, regardless of whether that person is paid by or has a contract with MY PILLOW or any of its affiliated or related entities.

22. "MYPILLOW.COM" shall mean the internet site mypillow.com and all other linked information located on mypillow.com.

23. "OTHER NEWS ORGANIZATION(S)" means and refers to other news organizations, whether print or television, including but not limited to the Wall Street Journal, ABC News, One America News Network, Newsmax, Fox News, and any and all publications referenced in the COMPLAINT.

24. "Person(s)" refers to all natural persons and all forms of business organizations, including corporations, partnerships, limited partnerships, unincorporated associations, trusts, governmental bodies, and/or all other identifiable entities.

25. "Regarding" shall mean referring to, discussing, describing, evidencing, concerning, comprising, constituting, referencing, reflecting, supporting, or relating to in any manner.

5

26. "Relate to" or "relating to" shall mean consisting of, referring to, reflecting, or being in any way legally, logically, or factually connected with the matter discussed.

27. "RNC" means and refers to the Republican National Committee, and/or any of its agents, staff, members, appointees, employees, advisors, or attorneys at or during the time period referenced in the individual requests, including but not limited to Ronna McDaniel, Thomas Hicks, Jr., Liz Harrington, and Paris Dennard.

28. "SMARTMATIC" shall mean Smartmatic USA Corp., Smartmatic International Holding B.V., and/or SGO Corporation Limited, and their predecessors in interest, parents, subsidiaries, divisions, and affiliates, as well as any officers, directors, employees, or agents acting on behalf of these entities, and all others who have purported to act on their behalf or obtained information on their behalf.

29. "SOCIAL MEDIA" shall mean any social media accounts operated by or on behalf of FANNING. This also includes, without limitation, any social media account on Facebook, Twitter, Instagram, Rumble, Reddit, Gab, or Parler, including personal accounts.

30. "TRUMP ADMINISTRATION" means and refers to DONALD TRUMP, and/or any of his agents, staff members, appointees, employees, members of the Cabinet, or officials within any Executive Department or agency, including but not limited to advisors, attorneys, and family members.

31. "TRUMP CAMPAIGN" means and refers to the entity Donald Trump for President 2020 and any individual whom you understood to be speaking on behalf of the campaign to re-elect DONALD TRUMP to a second term as President of the United States in 2020, and/or any of its agents, staff members, appointees, employees, advisors, or attorneys at or during the time period referenced in any individual requests, including but not limited to Jared Kushner, Ivanka Trump,

Bill Stepien, Jason Miller, Stephen Miller, Justin Clark, Matt Morgan, Donald Trump, Jr., Eric Trump, Lara Trump, Kimberly Guilfoyle, Katrina Pierson, Boris Ephsteyn, Michael Roman, Kayleigh McEnany, Gary Michael Brown, and Katherine Friess.

32. "You" or "Your" shall refer to Dennis Montgomery.

## INSTRUCTIONS

1. Unless otherwise specified, the relevant time period for each Request is January 1, 2020 through the present.

2. These Requests are continuing in nature, and any document identified subsequent to the service of these Requests that would have been included in the responses had it been known of shall promptly be supplied by supplemental responses whenever you find, locate, acquire, or become aware of such documents, up until the time of trial. Supplemental responses are to be served as soon as reasonably possible after identification of such documents.

3. Documents and ESI shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond to the paragraphs of the Request to which they are responsive.

4. If any document responsive to these Requests is withheld under a claim of privilege, you shall identify with respect to each document: (a) the author or originator; (b) the addressee(s) or recipient(s); (c) the type of document (letter, report, etc.); (d) the general subject matter of the document; (e) the date of the document; (f) the specific privilege claimed; and (g) the factual basis for your assertion of privilege or the reason for withholding.

5. If a portion of any document responsive to these Requests is withheld under a claim of privilege or any other objection, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

7

6. All responsive documents, wherever located, that are in your possession, custody, or control, or that of any of your agents, attorneys, or representatives, shall be produced in response to these Requests. If you are unable to respond in full to a Request after exercising due diligence to obtain all documents requested, so state; furnish the documents that are available; and indicate in writing your inability to provide the rest of the documents that are responsive to the Request, setting forth whatever information, knowledge, or belief you have concerning the unavailable documents.

7. All ESI shall be produced either on portable storage media (CD/DVD, USB flash drive, or USB portable hard drive), or by electronic file transfer (FTP or equivalent). Documents stored in electronic form or format of any kind are to be rendered in 300 dpi single-page image format and produced as either black and white TIFF or color JPG images, accompanied by their corresponding document-level extracted text, a Concordance-formatted (.dat) load file containing related document-level metadata, and an Opticon-formatted (.opt) image load file. Each TIFF image must convey all the information the document contains, disclosing all track changes, hidden content, notes, and any hidden slides, rows or columns, subject to any redactions. Images should be uniquely and sequentially Bates numbered in both the filename and as an endorsement on each image. Documents should be properly unitized and shall not be combined. Documents such as spreadsheets, proprietary databases, access databases, and enterprise management systems shall be produced in their native format.

8. Excel files, audio files, and video files shall be produced in the native format that is referenced in their Native Link field, along with a TIFF placeholder image that is named by the beginning Bates number of the file, associated document-level text files, image load files (.DII, LFP, and OPT) indicating appropriate document and family breaks, as well as metadata load files

8

in delimited text format containing the fields required by Instruction No. 7. You shall maintain family groups together in one production and shall not break family groups apart in separate production volumes.

9. Non-responsive family members must be produced together with responsive family members. In instances where You do not assert a privilege with respect to the entire family of documents, the producing party should replace any subset of privileged documents within the family for which it is claiming a privilege with slipsheets stating "Document Withheld as Privileged." The slipsheet shall contain the "Document Withheld as Privileged" language in the center of the page, with confidential branding bottom left, and Bates branding bottom right of the page.

10. A Request shall be deemed to include a Request for each document in its entirety with all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents in addition to the document itself, without redaction, abbreviation, or expurgation.

## DOCUMENT REQUESTS

1. Documents and Communications with or concerning SMARTMATIC.

2. Documents and Communications with or concerning DOMINION.

3. Documents and Communications concerning the 2020 PRESIDENTIAL ELECTION, including without limitation coverage, commentary, reporting, or investigation thereof by LINDELL or MY PILLOW.

4. Documents and Communications concerning coverage of the 2020 PRESIDENTIAL ELECTION by OTHER NEWS ORGANIZATIONS.

5. Communications with LINDELL or MY PILLOW concerning SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, the TRUMP ADMINISTRATION, and/or the TRUMP CAMPAIGN.

6. Documents sufficient to show any renumeration provided in exchange for any work provided by You to LINDELL or MY PILLOW.

7. Documents sufficient to show Your employment with or retention by LINDELL or MY PILLOW.

8. Communications with any of the GUESTS, LINDELL EMPLOYEES or MY PILLOW EMPLOYEES concerning SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, the TRUMP ADMINISTRATION, and/or the TRUMP CAMPAIGN.

9. Documents relating to Your expertise with voting machines and/or election security.

10. Documents and Communications concerning the LINDELL APPEARANCES.

11. Documents and Communications concerning the DEFAMATORY BROADCASTS.

12. Documents and Communications concerning the DEFAMATORY STATEMENTS.

13. Documents and Communications concerning the ACCUSED PROGRAMS.

14. Documents and Communications concerning Your efforts to assess, investigate, verify, or vet any aspect of Your statements regarding the 2020 PRESIDENTIAL ELECTION.

15. Communications with OTHER NEWS ORGANIZATIONS regarding any interviews given by You relating to the 2020 PRESIDENTIAL ELECTION, the DEFAMATORY BROADCASTS, the DEFAMATORY STATEMENTS, or the ACCUSED PROGRAMS.

16. Communications with OTHER NEWS ORGANIZATIONS regarding any interview requests made to You relating to the 2020 PRESIDENTIAL ELECTION, the DEFAMATORY BROADCASTS, the DEFAMATORY STATEMENTS, or the ACCUSED PROGRAMS.

17. Documents and communications relating to any materials used to prepare, produce, edit, film, and/or publish the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, or LINDELL APPEARANCES, including but not limited to production notes, drafts, scripts, teleprompter text, outtakes, raw footage, storyboards, transcripts, visuals, graphics, illustrations videos, PowerPoints, graphics, pamphlets, handouts, and photographs.

### Attorneys of Record

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

J. Erik Connolly (admitted *pro hac vice*)
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Maura T. Levine-Patton (admitted *pro hac vice*)
   MLevine-patton@beneschlaw.com
Illinois ARDC No. 6330026
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

Andrew D. Parker
Ryan Malone
Matthew R. Eslick
**PARKER DANIELS KIBORT LLC**
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
malone@parkerdk.com
eslick@parkerdk.com

*Attorneys for Defendants*

12