UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SMARTMATIC USA CORP.,
SMARTMATIC INTERNATIONAL
HOLDING B.V. and SGO
CORPORATION LIMITED,

    Plaintiffs,

v.	Case No.:  2:23-mc-5-JLB-KCD

DENNIS MONTGOMERY,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiffs' Motion to Compel Compliance with Third-Party Subpoena. (Doc. 1.)[1] Dennis Montgomery has not responded and the deadline to do so expired. Thus, this matter is ripe. For the reasons below, the motion is granted.

## I. Background

Plaintiffs are suing Michael Lindell and his company, My Pillow, Inc., for defamation in the District Court of Minnesota. Lindell made numerous public statements about the validity and security of the 2020 Presidential Election. Those statements are now the subject of the pending litigation.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

As part of his defense, Lindell claims he relied on information he "received about and from Mr. Montgomery." (Doc. 1-18 at 3.) According to Lindell, he "spoke out publicly about the 2020 presidential election, and filmed and distributed [several] movies . . . presenting evidence that the 2020 presidential election had been stolen. A significant basis, in part, for the statements made in the movies was the information [he] received about and from Mr. Montgomery." (*Id.*) Plaintiffs subpoenaed the relevant evidence from Montgomery, directing him to appear for a deposition and to produce any responsive documents in this District. (Doc. 1 at 2.)

Montgomery initially objected, claiming the state secrets privilege barred production, that he possesses no relevant documents, and producing some materials would be unreasonably expensive. (Doc. 1 at 2; Doc. 1-4.) The parties met several times to discuss the merits of these objections, but eventually Montgomery put his foot down. (Doc. 1 at 5-6.) He sent Plaintiffs a letter admitting he had responsive materials, but stating he would not comply with the subpoena unless compelled by a court order. (Doc. 1 at 5-6, 9; Doc. 1-10.) Montgomery also suggested the federal government may seek to limit his disclosures. (Doc. 1-10.)

In response, Plaintiffs filed the instant motion to compel. Specifically, they ask the Court to "enter an order compelling Mr. Montgomery to produce documents responsive to the Subpoena and to sit for a deposition." (Doc. 1 at

2

22.) Thus far, the federal government has not intervened. And, as noted, Montgomery himself has not responded to the motion.

## II. Standard of Review

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any . . . claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The typical mechanism to obtain discovery from a nonparty is a subpoena. *See* Fed. R. Civ. P. 45. Under Rule 45, a party may subpoena documents in a nonparty's possession and require a nonparty to testify at a deposition.

Written objections may be served by the nonparty, but they must be made before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). "Typically, failure to serve written objections to a subpoena in the time provided by [Rule 45] waives any objections." *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2014 WL 12639859, at *3 (M.D. Fla. Aug. 29, 2014); *see Gulati v. Ormond Beach Hosp., LLC*, No. 6:18-cv-920-Orl-37TBS, 2018 WL 7372080, at *2 (M.D. Fla. Dec. 17, 2018) ("When a party fails to respond to discovery, or provides untimely responses, whatever objections it might otherwise have had are generally deemed waived."). If a party objects to a Rule 45 subpoena, it must demonstrate that compliance presents an undue burden or would require the

disclosure of privileged or protected information. *Fadalla v. Life Auto. Prod., Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007).

### III. Discussion

A couple procedural wrinkles merit discussion before delving into the merits.

First, as mentioned, Montgomery objected in writing to the subpoena *duces tecum*. Thus, under Federal Rule of Civil Procedure 45(d)(2)(B), he is exempt from complying with the document requests until the court issues an order compelling otherwise. And such an order must protect him from "significant expense resulting from compliance." Fed. R. Civ. 45(d)(2)(B)(ii). But the option to object in writing is available only for commands to produce documents—not to appear for a deposition. *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924-RLR, 2022 WL 19919934, at *5 (S.D. Fla. May 23, 2022). Thus, while Montgomery was within his right to withhold documents after objecting, the same cannot be said for his failure to appear for a deposition. He offers no argument on why he should not be deposed, so the motion to compel is granted as to Montgomery's deposition.

Second, because Montgomery failed to respond to the motion, it is considered unopposed. *See* Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."); *see also Fit Tea LLC v. Alani Nutrition LLC*, No. 6:23-MC-1-WWB-LHP, 2023 WL 2351657, at

*2 (M.D. Fla. Mar. 3, 2023). But, out of an abundance of caution, the Court will consider the objections he made to Plaintiffs' document requests. They fall into three general categories, which are considered in turn.

*A. State Secrets Privilege*

"[F]ederal courts have the authority and duty to recognize claims of privilege that are valid under federal common law." *In re Hubbard*, 803 F.3d 1298, 1307 (11th Cir. 2015). The state secrets privilege is one such evidentiary claim used to block discovery of particularly sensitive information. In *United States v. Reynolds*, the Supreme Court set out the relevant parameters:

> The privilege belongs to the Government and must be asserted by it; it can neither be claimed nor waived by a private party. It is not to be lightly invoked. There must be formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer. The court itself must determine whether the circumstances are appropriate for the claim of privilege, and yet do so without forcing a disclosure of the very thing the privilege is designed to protect.

345 U.S. 1, 7-8 (1953). The Eleventh Circuit has read these procedural steps broadly, explaining their purpose "is simply to insure that subordinate officials do not lightly or mistakenly invoke the government's privilege in circumstances not warranting its application." *Hubbard*, 803 F.3d at 1309 (*citing Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 882-83 (5th Cir. 1981)). Thus, "so long as there is 'sufficient compliance' to satisfy that goal, the privilege should be honored." *Id.* Still, it is clear that "only the Government

5

may invoke the state secrets privilege." *Raytheon SI Gov't Sols., Inc. v. Carroll*, No. 6:11-CV-1615-ORL-19KRS, 2011 WL 13299638, at *4 (M.D. Fla. Nov. 21, 2011).

Montgomery introduced his objections to the subpoena this way: "For much of the material sought by the subpoena, Mr. Montgomery is subject to the State Secrets Privilege and a non-disclosure obligation with the federal government, who in the past has intervened when such materials are being sought." (Doc. 1-4.) He then invoked this privilege to avoid responding to requests 1, 2, 3, 9, 13, 14.

Crucially, there has been no government action that even comes close to "sufficient compliance" as demanded by *Reynolds*. Despite Montgomery's diligence in informing the Government of the subpoena, it has not intervened or filed anything in response. (Doc. 1 at 16-18; Doc. 1-10.) Moreover, it appears the government has declined to get involved. (Doc. 1 at 16-18; Doc. 1-8.) The government apparently responded to Montgomery's notice by referring to a filing it recently made in similar case. (Doc. 1-8.) There, the government declined to release Montgomery from a prior protective order largely because it was not relevant to any information Montgomery may have provided to Lindell about the 2020 election. (Doc. 1-15.) "In other words, the government had an opportunity to review the Subpoena and evaluate whether it implicated any 'state secrets,' but it declined to assert the state secret privilege." (Doc. 1

6

at 18.) Thus, Montgomery lacks standing to refuse compliance with the subpoena on this basis.[2]

To the extent Montgomery claims he is blocked by "a non-disclosure obligation with the federal government," he provides nothing else in support. Such a blanket assertion is insufficient to provide relief.

*B. No Responsive Documents*

Montgomery responded to several requests by asserting that he has no responsive materials. (Doc. 1-4.) Plaintiffs cry foul, pointing to other evidence they've gathered referencing materials likely in Montgomery's possession. (Doc. 1 at 22; Doc. 1-16; Doc. 1-17; Doc. 1-18.) Without the benefit of a response to these claims, they are persuasive. Thus, Montgomery is reminded of his duty to respond in full to each request. Fed. R. Civ. P. 45(a)(1)(D). This includes the obligation to supplement or correct his disclosures as appropriate. Fed. R. Civ. P. 26(e). That said, "[a] court cannot compel a party to produce what does not exist." *Pro Video Instruments, LLC v. Thor Fiber, Inc.*, No. 6:18-cv-1823-Orl-31LRH, 2019 WL 5294943, at *3 (M.D. Fla. July 24, 2019). So if, after a thorough search, Montgomery maintains that no responsive documents exist, he must confirm as much for Plaintiffs.

---

[2] Plaintiffs also argue that even if the state secrets privilege does apply, it does not seek any documents covered by the privilege. (Doc. 1 at 18-20.) Finding the privilege inapplicable, this argument is moot.

*C. Unreasonable Expense*

Courts take particular care to avoid unduly burdening nonparties. *See Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1337 (11th Cir. 2020). But a generalized assertion of undue burden is not enough. A more particularized argument is required, such as providing the "money, time, work-hours, or other cost that [the party] faced in complying with the subpoena." *ML Healthcare Servs., LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293, 1306-07 (11th Cir. 2018); *see also Bailey Industries, Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 667-68 (N.D. Fla. 2010). And a party "has a particularly heavy burden in seeking to quash a subpoena as contrasted to more limited protection, such as seeking to modify, condition or limit the production sought." *Hernandez v. Esso Standard Oil Co.*, 252 F.R.D. 118, 119 (D.P.R. 2008). Finally, under Rule 45(d)(2)(B)(ii), when the court orders compliance with a subpoena, it must protect the nonparty "from significant expense resulting from compliance."

Here, two of Montgomery's objections are at least somewhat relevant. In response to requests 10 through 13, he wrote: "I do record each broadcast but save the broadcasts frame by frame. This amounts to several hundred million graphics files which I am sure Smartmatic does not want." (Doc. 1-4 at 2.) As impressive as Montgomery's digital collection is, it says nothing of the burden or expense compliance would impose on him. Thus, his objection is too

8

generalized and, without more, the Court cannot determine whether protections are warranted.

Montgomery's objection to request 17 is a little more focused, but still insufficient: "Regarding Mr. Lindell's programs, broadcasts, and appearances, I do record them. However, because they are saved frame by frame, the sheer number of hard drives and expense makes production unreasonable." (Doc. 1-4 at 3.) Montgomery at least alleges compliance would be costly. But the Court cannot determine whether the expense is "significant" without more details. And Montgomery did not provide them in response to this motion. If "significant expense resulting from compliance" is encountered, Montgomery may file a properly supported motion for relief under Rule 45(d)(2)(B)(ii). For now, however, his objections about burden and expense are insufficient.

Accordingly, it is now **ORDERED**:

1. Plaintiffs' Motion to Compel Compliance with Third-Party Subpoena (Doc. 1) is **GRANTED**.
2. Montgomery is **ORDERED** to attend a deposition consistent with the subpoena he was served with in this matter.
3. No later than August 7, 2023, Montgomery must either:
    a. produce all non-privileged documents that exist and are responsive to the subpoena; or

9

    b. produce an affidavit stating that he has conducted a reasonably diligent search and, because of that search, either (a) all responsive, non-privileged documents that exist and are in Montgomery's possession, custody, or control have been produced or (b) he has no responsive, non-privileged documents in his possession, custody, or control to produce.

If any responsive documents are withheld for privilege, Montgomery must also produce an adequate privilege log no later than August 7, 2023.

4. Plaintiffs' Request for Oral Argument (Doc. 3) is **DENIED** as moot.
5. Plaintiffs are directed to serve this Order on Montgomery no later than July 24, 2023.

**ENTERED** in Fort Myers, Florida this July 20, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

10